UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TAMMY S. MIZELL,
             Plaintiff

v.                                              Civil Action No. 2:05cv129

SARA LEE CORPORATION,
             Defendant

ORDER  AND OPINION

Pending before the court is the defendant's Motion to Dismiss, or in the Alternative,

Motion for Judgment on the Pleadings, filed with attached supporting exhibits.  The plaintiff has

submitted a response to the defendant's Motion to Dismiss, to which the defendant has submitted

a reply.  After examination of the brief and record, this court determines oral argument is

unnecessary because the facts and legal arguments are adequately presented, and the decisional

process would not be significantly aided by oral argument.  The court, for the reasons set out

fully herein, **GRANTS** the defendant's motion to dismiss.

I.       Procedural History

On February 14, 2005, plaintiff Tammy S. Mizell filed a Motion for Judgment in the

Circuit Court for the City of Suffolk, Virginia.  In her complaint, plaintiff alleged breach of

contract of employment by defendant Sara Lee Corporation, her former employer, and intentional

misrepresentation on the part of defendant with regard to attendance policies and due process

rights.  Specifically the plaintiff claims that an employee handbook used by defendant constituted

1

a contract of employment which was breached when defendant refused to permit plaintiff to
return to work after a leave of absence.  Plaintiff also alleges that defendant intentionally
misrepresented to plaintiff that the discipline policies outlined in the handbook would be used to
govern all situations.  On March 3, 2005, defendant removed the action to federal court, on the
basis of diversity jurisdiction, as plaintiff is a citizen of Virginia and defendant is incorporated in
Maryland and has its principal place of business in Chicago, Illinois, and the amount in
controversy is greater than $75,000.

Subsequently, on March 7, 2005, defendant filed a Motion to Dismiss, or in the
Alternative, for Judgment on the Pleadings.  Plaintiff filed her response to defendant's motion to
dismiss on March 24, 2005, and defendant replied to the response on March 28, 2005.  In her
complaint, plaintiff is seeking damages in the amount of $500,000, including punitive damages
and compensation for lost pay.

## II.      Factual Background

Plaintiff was an employee in defendant's Suffolk, Virginia manufacturing facility.
According to plaintiff's complaint, on November 12, 2002, pursuant to an order from her
physician, she took a seven-day leave of absence from her employment, which was to last until
November 19, 2002.  On November 19, 2002, plaintiff allegedly presented herself for work and
was told that she was no longer employed by defendant as a result of excessive absenteeism.
According to the complaint, defendant cited November 18, 2002 as plaintiff's fifth "occurrence."
An "occurrence," as defined in the employee handbook at issue in this dispute, is one absence
from work; one late arrival and one early departure from work; or the combination of two late

2

arrivals or two early departures.  Although in her complaint, plaintiff specifically notes that defendant claimed not to have "terminated" her, it is undisputed that defendant did prevent plaintiff from returning to work and in all aspects treated the employment relationship as if it were indeed "terminated."

Despite the fact that the employment relationship had ceased between plaintiff and defendant, defendant afforded to plaintiff an "appeal hearing," as outlined in the employee handbook for resolving disputes over discipline.  On February 18, 2003, the "appeal hearing" was conducted by defendant, wherein defendant allegedly advised plaintiff that she had not been terminated, but had voluntarily quit her employment.  Thereafter, plaintiff instituted the instant lawsuit.

### III.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) governs defendant's motion to dismiss for failure to state a claim for which relief can be granted.  Such a motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also America Online, Inc. v. GreatDeals.Net, 49 F.Supp.2d 851, 854 (E.D. Va. 1999).  The court must construe the facts in the light most favorable to the non-moving party, but is not bound with respect to the complaint's legal conclusions.  See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991).

In the instant case, plaintiff has attached a complete copy of the employee handbook used by defendant at its Suffolk, Virginia facility.  Motions to dismiss for failure to state a claim for which relief can be granted which are filed with supporting documents are ordinarily required to

be treated as motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

FED. R. CIV. P. 12(b).  However, an exception to this rule exists for evidence that is quoted, relied

upon, or incorporated by reference in the plaintiff's complaint.  Gasner v. County of Dinwiddie,

162 F.R.D. 280, 282 (E.D. Va. 1995).  Here, plaintiff's claims rest squarely upon the

construction of the employee handbook as an employment contract, and therefore the handbook

has been properly incorporated by reference in the complaint.  It is therefore proper to continue to

treat defendant's motion as a motion to dismiss under Rule 12(b)(6) and not to convert the

motion into one for summary judgment under Rule 56.

Under Federal Rule of Civil Procedure 12(c), any party may file a motion for judgment on

the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial."

Like a motion to dismiss for failure to state a claim for which relief can be granted, a motion on

the pleadings should not be granted unless the court, taking the facts in the light most favorable

to the non-moving party, determines that there are no facts which the plaintiff could prove that

would support her claim for relief.  See Bruce v. Riddle, 631 F.2d 272, 273-74 (4th Cir. 1980).

However, the pleadings are not considered closed until the parties have filed a complaint, an

answer, and in some cases, a reply.  See FED. R. CIV. P. 7(a).  In this case, the defendant has yet

to file an answer to the plaintiff's complaint, and therefore the pleadings are not closed.

Defendant's motion for judgment on the pleadings, therefore, is premature, and will not be

considered.  R.J. Corman Derailment Services, LLC v. Int'l. Union of Operating Engineers,

Local Union 150, AFL-CIO, 335 F.2d 643, 647-48 (7th Cir. 2003).

IV.   **Discussion**

A.   Breach of Contract

Like most states, "Virginia adheres to the common-law rule that when the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is ordinarily at liberty to terminate the contract at will, upon giving the other party reasonable notice." Miller v. SEVAMP, Inc., 234 Va. 462, 465, 362 S.E.2d 915, 916-17 (1987).  This presumption in favor of at-will employment permits either employee or employer to leave the employment relationship for any or no reason, given reasonable notice, without liability to the other.  The presumption may be rebutted, however, with sufficient evidence to demonstrate that the employment is for a definite period of time. Progress Printing Co., Inc. v. Nichols, 244 Va. 337, 340, 421 S.E.2d 428, 429 (1992).  However, unless the contract is one that can be performed within one year, it is subject to the requirements of Virginia's statute of frauds, which mandate that the agreement must be in writing and signed by the party to be charged in order for it to be the basis of a legal action.  VA. CODE ANN. § 11-2(8) (Michie 2005).

Although some courts have found that an employee handbook constitutes a binding contract of employment between employer and employee, courts applying Virginia law have consistently held that, in the presence of language specifically disclaiming that the handbook is a contract, any other provisions in the handbook will not be held to rebut the at-will presumption. See, e.g., Walton v. Greenbrier Ford, Inc., 370 F.3d 446, 454 (4th Cir. 2004); Nguyen v. CNA Corp., 44 F.3d 234, 239 (4th Cir. 1995); Graham v. Central Fid. Bank, 245 Va. 395, 399-400, 428 S.E.2d 916, 918-19 (1993).

County of Giles v. Wines, 262 Va. 68, 546 S.E.2d 721 (2001), demonstrates the strength

of the presumption of at-will employment in Virginia law.  At issue in that case was whether

plaintiff had offered enough evidence to support a jury finding that he had an employment

contract terminable for just cause.  Id. at 70.  The county's personnel policy, of which the

plaintiff was given a copy, included the provision: "[a]n employee may be discharged for

inefficiency, insubordination, misconduct, or other just cause."  Id. at 71.  The court found that

because the clause used the word may instead of shall, it was not the exclusive source of

authority for discharge.  Thus, the court determined, the language was insufficient to rebut the

presumption in favor of at-will employment.  Id. at 73.

In the instant case, the employee handbook that defendant used at its Suffolk location

states, in relevant part:

> This manual is not a contract.  Nothing in this manual constitutes an expressed or implied
> contract of employment or warranty of any benefits.  Your continued employment with
> Sara Lee Coffee & Tea Consumer Brands is based upon mutual consent.  The
> employment relationship is voluntary and either the employee or the Company may
> terminate the relationship at any time.  It is our hope to have a mutually beneficial and
> rewarding relationship with you.

When compared with the language that the court in County of Giles found sufficient to uphold

the presumption of at-will employment, there is no doubt that the employment relationship in the

instant case was at will.

In Walton, the relevant disclaimer in the employee handbook stated, "[t]his manual does

not impose contractual obligations upon either the company or its employee."  370 F.3d at 454.

Even where other language in the employee handbook seems to provide some guarantee of

employment, the disclaimer has been upheld.  Id. at 453-54 (disclaimer upheld in the face of

language assuring steady employment as long as employees adhered to policies and personnel standards and produced at a satisfactory level).  See also Nguyen, 44 F.3d at 238-39 (disclaimer held to override language indicating that staffing requirements would dictate the opportunity to return to work after a leave of absence); Graham, 245 Va. at 399-400, 428 S.E.2d at 918-19 (disclaimer upheld even where certain disciplinary procedures were outlined for specific acts).

In the instant case, plaintiff has alleged that defendant violated the terms of an employment agreement as defined in the employee handbook by preventing plaintiff from returning to work but not terminating her.  Though plaintiff's argument is a bit convoluted in this area, it appears as if she alleges that because she was not officially "terminated" by the defendant, but simply barred from returning to her job, defendant was still bound by the terms of the employee handbook, which provide "for cause" termination only after an employee has incurred five "occurrences."  In support of this assertion, plaintiff points to the fact that after defendant refused to permit her to return to her job, she was offered an appeal hearing.  According to plaintiff, this demonstrates that defendant did not consider her "terminated," because it was still following the formalities specified in the employee handbook.

Plaintiff's allegation, that she was not "terminated," but simply prevented from returning to work, is contradicted by the evidence.  In fact, plaintiff's complaint even states: "the Plaintiff presented herself for work and was told that she was no longer employed by the Defendant . . . and therefore she was terminated."  Even assuming, as the court must in ruling on a motion to dismiss  pursuant to FED. R. CIV. P. 12(b)(6), that plaintiff was not "terminated" by defendant, the fact remains that on November 19, 2002, plaintiff was told by defendant not to return to her job, and she has not worked for defendant since then.  In either case, the employment relationship

7

between defendant and plaintiff was, in fact, terminated.

Plaintiff's reliance on the fact that she was not officially "terminated" is misguided. Whether defendant terminated plaintiff or plaintiff simply chose to voluntarily quit, it is uncontradicted that the employment relationship that had previously existed between the two parties ceased on November 19, 2002.  The strong presumption in favor of at-will employment in Virginia is premised on the fact that at-will employment is a two-way street.  Either the employer or the employee is free to leave the relationship at any point without incurring any liability to the other for breach of contract, because there is no contract.  Miller, 234 Va. at 405, 362 S.E.2d at 916-17.  Although plaintiff claims that because she was not officially "terminated" by defendant, her dispute is still governed by the employee handbook, it is clear that the handbook did not constitute an employment contract, and it is equally clear that neither party treated the relationship after November 19, 2002 as if plaintiff was still employed by defendant.

Plaintiff alleges that because defendant provided an appeal hearing for her, defendant was acting under the belief that an employment contract still existed between the two, and was attempting to follow the guidelines spelled out in the employee handbook for disciplinary proceedings.  Unfortunately, the text of the handbook itself belies this interpretation.  The relevant section states:

> The employee may appeal the termination decision by notifying the Human Resource representative, in writing, of a decision to appeal. . . . An appeal panel will be assembled. The affected employee and the Shift Supervisor will present the facts to the appeal panel, which after hearing all the facts, will meet in closed session and reach a decision by consensus.  The decision will be binding on all parties.

Shortly preceding this paragraph in the handbook is another critical phrase: "[d]epending on the severity of the behavior, the Company reserves the right to administer any level of discipline at

8

any time." The handbook then lists four levels of discipline after that sentence, with "termination" as the final level. The court will not speculate as to the reason why defendant granted plaintiff an appeal hearing after she had been terminated, because she was not terminated "for cause" and therefore was not entitled to an appeal. Yet it is obvious that the opportunity for plaintiff to appeal her termination did not invest in her some newfound contract rights that theretofore had not existed. The employment relationship between plaintiff and defendant had been and continued to be at will.

Furthermore, even assuming that the employee handbook could somehow be construed to be a contract of employment, plaintiff has offered no evidence to indicate that the handbook complies with the requirements of the statute of frauds. The one case cited by plaintiff, Norfolk S. Ry. Co. v. Harris, 190 Va. 966, 59 S.E.2d 110 (1950), is inapposite. In that case, the employee had an employment contract that specifically stated he could only be discharged for cause and did not include a disclaimer indicating that the employment was at will. Id. at 969-70. In contrast, the employee handbook used by defendant clearly stated that the employment could be terminated for any reason or no reason, and expressly disclaimed that it constituted a binding contract between employer and employee.

The statute of frauds provides that no action can be brought on a contract that cannot be "performed within one year" unless it is placed in writing and signed by the party to be charged. VA. CODE ANN. § 11-2(8) (Michie 2005). "[A] discharge for cause is not a performance of the contract within the meaning of the statute of frauds, but a termination of the contract by reason of its breach." Graham, 245 Va. at 399, 428 S.E.2d at 918 (emphasis in original). Even though it is possible that the employment relationship between plaintiff and defendant could have been

terminated by either party within one year of its beginning, this is not the same thing as performance.

The Supreme Court of Virginia has rejected the notion that the logo of an organization or company on what is allegedly a contract will suffice as a "signature" for purposes of the statute of frauds.  Falls v. Va. State Bar, 240 Va. 416, 419-420, 397 S.E.2d 671, 673 (1990).  "'A signing consists of both the act of writing a person's name and the intention, in doing this, to execute and authenticate the instrument signed.'"  Id. at 420 (quoting Sutherland v. Munsey, 119 Va. 791, 796, 89 S.E. 882, 883 (1916)).  The Sara Lee employee handbook has no signature affixed to it, and therefore fails to meet the requirement of the statute of frauds.  Were the court to consider the handbook a contract, plaintiff would still be precluded from bringing an action for breach of contract by the operation of the statute of frauds.

There is therefore no set of facts which the plaintiff could prove that would result in a jury's finding in her favor.  There never did exist an employment contract between defendant and plaintiff.  Without a contract, there can be no action for breach of contract, and therefore plaintiff's claim for breach of contract is dismissed for failure to state a claim for which relief can be granted.

B.       Intentional Misrepresentation

Plaintiff's second claim is for "intentional misrepresentation."  Although no such independent tort exists, "intentional misrepresentation" is an element of fraud, and this court will treat the claim as one for fraud.  Plaintiff alleges that defendant intentionally misrepresented the significance of the "appeal hearing" that it granted plaintiff, as it never intended to give her a fair hearing, but instead was only attempting to avoid more costly litigation.

Under Federal Rule of Civil Procedure 9(b) and Virginia law, a fraud complaint must allege with particularity a false representation by defendant of a material fact with intent to mislead and reasonable, detrimental reliance by the plaintiff on the representation.  Kline v. NationsBank of Va, N.A., 886 F.Supp. 1285, 1295 (E.D. Va. 1995).  See also Sneed v. American Bank Stationary Co., 764 F.Supp. 65, 67-68 (W.D. Va. 1991).  The court is required to balance the requirement of pleading fraud with heightened particularity with the requirement of a "short and plain statement" under Federal Rule of Civil Procedure 8(a)(2).  Picture Lake Campground, Inc. v. Holiday Inns, Inc., 497 F.Supp. 858, 866-67 (E.D. Va. 1980).

"Reasonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud, and such reliance must be pleaded with particularity."  Learning Works, Inc. v. Learning Annex, Inc., 830 F.2d 541, 546 (4th Cir. 1987) (citation omitted).  "'Although states of mind may be pleaded generally, the 'circumstances' must be pleaded in detail.  This means the who, what, when, where, and how . . . .'" Dubowski v. Dominion Bankshares Corp., 763 F.Supp. 169, 172 (W.D. Va. 1991) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)).  In the complaint, plaintiff simply alleges that "plaintiff relied upon [defendant's] representations."  This falls well short of the particularity that is required for fraud claims.  Even considering the elaboration provided by plaintiff in her response to defendant's motion to dismiss, plaintiff has clearly failed to meet the standard of Rule 9(b).  A simple allegation of reliance, with nothing further, "gives defendant no notice of how plaintiff relied . . . much less if that reliance was reasonable."  Kline, 886 F.Supp. at 1295.

Although plaintiff alleges that defendant provided her with an "appeal hearing" that did not produce a fair result, it is clear from the employee handbook that, even were plaintiff entitled

11

to the appeal hearing, she would have no right to question its final result. Because plaintiff had been terminated by defendant prior to the hearing, however, it was not necessary for defendant to provide the appeal hearing. Defendant's motives for providing the hearing, though, are immaterial, as there never was an employment contract between plaintiff and defendant.

Even if plaintiff had pleaded the claim of fraud with the requisite specificity, her claim would still be barred by the statute of limitations. In Virginia, a fraud claim must be brought within two years of when the claim accrues or it is forever barred. Va. Code Ann. § 8.01-243(A) (Michie 2005). A cause of action for fraud accrues "when such fraud . . . is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code Ann. § 8.01-249(1) (Michie 2005). The standard of due diligence requires the plaintiff to act with "[s]uch a measure of prudence, activity, or assiduity, as is properly expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances." STB Marketing Corp. v. Zolfaghari, 240 Va. 140, 144, 393 S.E.2d. 394, 397 (1990).

In the instant case, the fraud alleged by plaintiff arose at the date the employment relationship between plaintiff and defendant was severed, November 19, 2002. Her cause of action for fraud began to run at that time and is now time-barred, as she filed her motion for judgment on February 14, 2005. Although plaintiff in her response to defendant's motion to dismiss intimates that the fraud accrued on the date of her "appeal hearing," February 18, 2003, there is a complete absence of allegation as to the point of accrual in plaintiff's complaint. Plaintiff's complaint simply alleges that defendant's misrepresentations to plaintiff concerning attendance policies and due process provisions caused her to believe that she would continue to have employment as long as she complied with the employee handbook. It is clear, then, that any

claim of fraud which could possibly arise accrued on or before November 19, 2002. After that date, plaintiff no longer was employed by defendant and clearly knew or should have known that she had been terminated by defendant in a manner not described by the employee handbook.

Plaintiff's argument, that the fraud was committed when defendant allegedly informed her that she would continue to have employment if she complied with the disciplinary policies, is unfounded. Plaintiff has not alleged that defendant gave her verbal assurances of continued employment, nor can she prove that defendant did so. Defendant and plaintiff never had an employment contract, so any reliance by plaintiff on the employee handbook is in direct contradiction to the explicit language of the handbook. Even had defendant made assurances to plaintiff concerning her guaranteed employment, it was clear to all involved that the employment was no longer guaranteed as of November 19, 2002. That is therefore the latest date on which plaintiff's cause of action for fraud could have accrued. Plaintiff's claim of fraud, therefore, is barred by the statute of limitations.

Even were her claim not time-barred, it is apparent that plaintiff cannot prove that she reasonably relied on any alleged misrepresentations made by defendant. A cause of action for fraud in Virginia must include six elements: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled. Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994). The reliance alleged by the plaintiff must be objectively reasonable. Metrocall of Delaware v. Continental Cellular Corp., 246 Va. 365, 374, 437 S.E.2d 189, 193-94 (1993).

In the instant case, plaintiff is unable to establish reasonable reliance on any portion of the

employee handbook because the handbook explicitly defined the employment relationship as "voluntary," and specifically stated that it could be terminated by either party at any time.  Any reliance that plaintiff might have had on the disciplinary procedures listed in the handbook is therefore misplaced, as the handbook makes clear that, "the Company reserves the right to end, suspend, withdraw or change (in whole or in part) its policies and procedures at any time." Plaintiff's reliance on the employee handbook as a contract was not objectively reasonable, and therefore she cannot sustain her claim of fraud.

Because plaintiff can prove no set of facts that would entitle her to relief on her claim of fraud, her claim is dismissed pursuant to Rule 12(b)(6).

## V.      Conclusion

For the reasons stated on the record, and for those discussed above, the court **GRANTS** the defendant's motion to dismiss for failure to state a claim for which relief can be granted.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.


                                                    /s/
                                        _____
                                           Jerome B. Friedman
                                        UNITED STATES DISTRICT JUDGE

June 9, 2005
Norfolk, Virginia

14